CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 13 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD JOHNSON, ) | Civil Action No. 7:12cv00504 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | |
| S.W.V.R.J.A., ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

This is an action pursuant to 42 U.S.C. § 1983 by Donald Johnson, a Virginia inmate proceeding *pro se*, against the Southwest Virginia Regional Jail Authority ("SWVRJA"). Johnson claims that he injured his wrist and that the jail's course of treatment—x-rays and pain medication—violated the Eighth Amendment to the United States Constitution.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Though the familiar rules of pleading are greatly relaxed for *pro se* plaintiffs, see Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985), district courts are required to review prisoner complaints and must either "identify cognizable claims or dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

The only defendant Johnson names is the SWVRJA. Even if the SWVRJA is amenable to suit under § 1983,[1] a plaintiff seeking to prove that a governmental entity (such as a local jail) is liable for constitutional violations committed by its employees must show that the entity's policy was the "moving force of the constitutional violation." Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981). Here, Johnson has not so much as mentioned a jail policy, much less linked any jail policy to his allegedly unconstitutional treatment. Accordingly, the court will dismiss Johnson's complaint without prejudice pursuant to § 1915A(b)(1).

The clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: November 13, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[I]n common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it.") (internal quotation marks omitted) (quoting Wilson v. Omaha Tribe, 442 U.S. 653, 667 (1979)); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (table decision) (affirming the district court's § 1915A dismissal on the ground that a jail is "not a 'person'" and therefore not amenable to suit under § 1983).

2